IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                        PLAINTIFF/RESPONDENT

v.                          Case No. 5:14-CR-50041-001

JOSE LUIS MARTINEZ                              DEFENDANT/PETITIONER

MEMORANDUM OPINION AND ORDER

Currently before the Court are the Objections to the Report and Recommendation (Doc. 75) filed by Defendant/Petitioner Jose Luis Martinez in this case. On February 26, 2016, Mr. Martinez filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. 68). The Government responded on April 1, 2016, (Doc. 71), and United States Magistrate Judge Mark. E. Ford issued his Report and Recommendation ("R&R") denying Mr. Martinez's Motion in full on May 23, 2016 (Doc. 72). This Court originally adopted the R&R in full because a timely objection was not filed by Mr. Martinez. (Doc. 73). After this, though, Mr. Martinez moved to have this Court's Order adopting the R&R set aside because he never received a copy of the Government's Response or the R&R. (Doc. 74). By a text only order, this Court granted Mr. Martinez's Motion to Set Aside, and allowed him to file a reply to the Government and objections to the R&R. Mr. Martinez has now filed his Reply and Objections (Doc. 75), and this matter is ripe for decision. For the reasons stated herein, the R&R (Doc. 72) is **ADOPTED IN FULL** and Mr. Martinez's Motion to Vacate (Doc. 68) is **DENIED**.

I. BACKGROUND

Mr. Martinez claims that he first became involved with the illegal drug trade when he agreed to work as a confidential informant for the Drug Enforcement Administration

1

("DEA") in order to help garner a sentence reduction for his brother, Raul Martinez. According to Mr. Martinez, he participated in three different controlled purchases of methamphetamine for the DEA. However, the third controlled purchase did not go as planned for Mr. Martinez. This operation called for him to receive $70,000 from members of a drug cartel operating in Wichita, Kansas, and to deliver the money to other members of the cartel operating in Dallas, Texas. Mr. Martinez claims that the DEA agents were to seize the $70,000 dollars from him, by stopping and arresting him *en route* from Kansas to Texas. The purpose of conducting the seizure this way was to provide Mr. Martinez sufficient documentation to convince the cartel that the money had been seized by law enforcement and that he had not stolen it. However, according to Mr. Martinez, the DEA agents simply confiscated the money from him without giving him any documentation, and then instructed him to still meet with the cartel while wearing a wire. Mr. Martinez refused to do this and his relationship with the DEA ended.

Again per Mr. Martinez, the drug cartel believed that he had stolen the money and threatened to kill his family unless he worked for the cartel to pay off the $70,000. Mr. Martinez acquiesced and was subsequently arrested for drug trafficking in Fayetteville, Arkansas while working for the cartel. After this arrest, Mr. Martinez entered into a plea agreement, pleaded guilty, and was sentenced to 66 months imprisonment by this Court[1] on June 15, 2009. Upon Mr. Martinez's release from prison, he started a tile and granite business and was starting to rebuild his life. However, the cartel subsequently learned about Mr. Martinez's release from prison and again demanded that he work for them. The cartel allegedly invaded the home of Mr. Martinez's brother and inflicted several injuries

---

[1] The Hon. Jimm L. Hendren, presiding.

2

upon him to intimidate Mr. Martinez. Due to these threats, Mr. Martinez again acquiesced to the cartel's demands and began selling methamphetamine. Subsequently, Mr. Martinez was caught again by law enforcement.

A Criminal Complaint was filed against Mr. Martinez on May 19, 2014, alleging that he distributed methamphetamine and aided and abetted in the distribution of methamphetamine. On June 25, 2014, Mr. Martinez was named in four counts of an eight-count Indictment. (Doc. 12). Count One charged Mr. Martinez with conspiracy to distribute methamphetamine from November 20, 2013, to May 7, 2014; Count Six charged that Mr. Martinez aided and abetted in the distribution of methamphetamine on April 11, 2014; Count Seven charged that Mr. Martinez distributed methamphetamine on April 28, 2014; and Count Eight charged that Mr. Martinez distributed methamphetamine on May 7, 2014. On July 1, 2014, Mr. Martinez appeared for arraignment with his appointed counsel, Roxanne Blake, and he entered a plea of not guilty to all charges against him in the Indictment. On July 31, 2014, the Court allowed Roxanne Blake to withdraw as Mr. Martinez's attorney, and Kenneth L. Osborne was appointed to represent Mr. Martinez the next day.

Mr. Martinez appeared with Mr. Osborne before this Court for a change of plea hearing on October 16, 2014. A written plea agreement was presented to the Court, and the Court allowed Mr. Martinez to change his plea to guilty to Count Eight of the Indictment. The Court ordered a Presentence Investigation Report to be prepared.

The United States Probation Office submitted its initial report on December 22, 2014. Neither party objected to the report, and after making a slight correction regarding Mr. Martinez's age, a final report was submitted to the Court on January 6, 2015. The

final report determined that Mr. Martinez was accountable for 115.6 grams of actual methamphetamine, and his Base Offense Level was determined to be 30. After a three-level reduction for acceptance of responsibility, the report set Mr. Martinez's Total Offense Level at 27. Mr. Martinez's criminal history score of five placed him in Criminal History Category III. The statutory maximum Mr. Martinez faced was 20 years imprisonment, and the advisory guideline range was determined to be 87 to 108 months imprisonment.

On February 13, 2015, Mr. Martinez appeared before this Court for sentencing. Mr. Martinez stated his satisfaction with Mr. Osborne's representation. The Court awarded three levels of downward adjustment for acceptance or responsibility, and granted the Government's motion for a two-level downward departure pursuant to §5K1.1 of the Guidelines. Mr. Martinez and his counsel were given an opportunity to make statements to the Court before sentencing. The Court then imposed a within-guideline-range sentence of 70 months imprisonment, three years supervised release, a $3,000 fine, and a $100 special assessment.

Mr. Martinez appealed his sentence to the Eighth Circuit Court of Appeals, arguing that this Court abused its discretion in sentencing him and erred in calculating his criminal history points. The Eight Circuit affirmed this Court's sentence. See Doc. 67.

On February 26, 2016, Mr. Martinez timely filed his *pro se* Motion to Vacate, Set Aside, or Correct a Sentence. The Motion argues that Mr. Osborne provided ineffective assistance during Mr. Martinez's sentencing. Specifically, Mr. Martinez argues that he demanded that Mr. Osborne tell the Court about his involvement with the DEA and how this led to him having to work for a drug cartel to protect his family; that by failing to heed his demand Mr. Osborne rendered ineffective assistance; and that if Mr. Osborne would

have brought the information to the Court's attention, there is a reasonable probability that the Court would have imposed a lesser sentence. The R&R rejected these arguments, and Mr. Martinez's objections to the R&R are now ripe for decision.

## II. LEGAL STANDARD

28 U.S.C. § 2255(a) allows a prisoner sentenced to federal custody to challenge his sentence if it was imposed in violation of the Constitution or the laws of the United States, without jurisdiction, or if the sentence is otherwise subject to collateral attack. Criminal Defendants have a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Thus, showing that a sentence was imposed when a defendant did not have effective assistance of counsel is one way to attack a sentence under 28 U.S.C. § 2255.

To prevail on his ineffective assistance of counsel claim, Mr. Martinez has the burden of proving two elements. First, he must show that his attorney's performance was "deficient." *Strickland*, 466 U.S. at 687. Second, Mr. Martinez must prove that this "deficient performance prejudiced [his] defense." *Id.* If Mr. Martinez can demonstrate that he had ineffective assistance of counsel during his sentencing, this Court must vacate his sentence and resentence him. 28 U.S.C. § 2255(b).

In determining whether counsel's performance was deficient, this Court must ask if "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (quotation and alteration omitted). The Court

"must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Likewise, during this assessment, the Court must remember that counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690.

If Mr. Martinez can prove that his counsel's performance was "deficient," he then must prove that this deficient performance resulted in prejudice. In order to establish prejudice, Mr. Martinez has the burden of proving "that because of [his] counsel's error, there is a reasonable probability that the result of the proceeding would have been different." *Odem v. Hopkins*, 382 F.3d 846, 850 (8th Cir. 2004) (citing *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not sufficient for a defendant to show that the error(s) had some conceivable effect on the result of the proceeding because not every error that influences or affects a proceeding undermines the reliability of the outcome of the proceeding." *Odem*, 382 F.3d at 850 (internal quotations omitted).

### III. ANALYSIS

Mr. Martinez's own admission that his attorney did not introduce the evidence about Mr. Martinez's interaction with the DEA because his counsel thought "that it would anger the prosecutor, and would result in a more severe sentence" is fatal to his ineffective assistance claim. (Doc. 68, p. 3). Failure to bring forth evidence based on a strategic decision must be given great deference by this Court.[2]

---

[2] Mr. Martinez attempts to claim that his counsel's failure to introduce this purported mitigating evidence was not based upon a strategic decision but rather was done due to his "Counsel's desire to shield the conduct of the DEA Agents from scrutiny, and not to embarrass or anger the Government." (Doc. 75). However, these allegations are

6

This strategic decision also has sound footing, as Mr. Martinez could have lost his sentence reduction credit for acceptance of responsibility had this evidence come into play. In fact, statements made by Judge Hendren at Mr. Martinez's first sentencing on June 15, 2009, lend credence to Mr. Martinez's counsel's concerns. During this sentencing, Mr. Martinez and his counsel attempted to show that he was being forced to work for a drug cartel due to the incident with the DEA. Judge Hendren, though, stated that "I don't accept the notion that the blame lies with the DEA folks" and that "I think the motion [for acceptance of responsibility] is still good, although I'm not sure I would have felt as strongly about it as I did when I granted the motion had I heard some of the testimony that I then heard and some of [Mr. Martinez's] comments." (Case No. 08-50077; Doc. 44, pp. 59-60). While Judge Hendren did not ultimately sentence Mr. Martinez in the instant case, his statements show that the decision not to introduce this evidence did not result from imaginary concerns, but were based on well-reasoned grounds. Thus, it is clear that Mr. Martinez cannot show that his counsel's performance was "deficient." *See United States v. Cedano-Rojas*, 1998 WL 547281, at *2 (N.D. Ill. Aug. 27, 1998) (finding an attorney's decision not to introduce evidence of coercion under U.S.S.G. § 5K2.12 because it might have affected the Defendant's eligibility for an acceptance of responsibility reduction, to be "precisely the type of sound, strategic choice that [courts] cannot disturb").

Since it is clear that Mr. Martinez's counsel's performance was not deficient, this Court need not address the prejudice prong of *Strickland. See United States v. Walker*,

---

unsupported by any evidence and in fact are contradicted by Mr. Martinez's account of his counsel's rationale for not introducing the mitigating evidence—that he did not want to introduce the evidence out of fear that it would result in a more severe sentence for Mr. Martinez. (Doc. 68 p. 3).

7

324 F.3d 1032, 1040 (8th Cir. 2013) (stating that if a movant fails to show deficient performance, a court does not have to address whether or not the defendant suffered prejudice). Even if the Court were to somehow find deficient performance, however, it would not find prejudice. Mr. Martinez's prejudice argument is premised on the assumption that the Court would have decreased his sentence had it known about the DEA incident. But Mr. Martinez was already sentenced at the bottom of his guideline range, which was calculated with the maximum downward adjustment for acceptance of responsibility and a further two-level departure for substantial assistance under §5K1.1. So the idea that the Court would have varied downward even further amounts to little more than baseless speculation, insufficient to demonstrate prejudice. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (noting that speculation of prejudice is insufficient to establish actual prejudice under *Strickland*); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) ("A mere possibility of prejudice does not qualify as *actual* prejudice." (emphasis in original)). Finally, an evidentiary hearing on Mr. Martinez's Motion is not warranted here because the Motion and record "conclusively show that [Mr. Martinez] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal quotations omitted).

## IV. CONCLUSION

Accordingly, as Mr. Martinez has not shown that his counsel's performance was deficient, the R&R is **ADOPTED IN FULL** and **IT IS ORDERED** that Jose Luis Martinez's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Doc. 68) is **DENIED**.

**IT IS SO ORDERED** on this 1st day of December, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE